# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CENTRAL LABORERS' PENSION FUND, et al.,** | ) ) ) |
| Plaintiffs, | ) ) ) Case No. 18-CV-1485-SMY |
| vs. | ) ) |
| **E. A. MASONRY, INC.,** | ) ) |
| Defendant. | ) |

## ORDER AND JUDGMENT OF DEFAULT

This matter is before the Court on Plaintiffs' Motion for Entry of Default Judgment (Doc. 23). Plaintiffs filed the instant action against Defendant E. A. Masonry, Inc. on August 10, 2018, alleging violations of the Employment Retirement Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1131, *et seq.* (Doc. 1). Defendant was served with a copy of the summons and Complaint on August 27, 2018 (Doc. 6). Thus, Defendant's responsive pleading was due to be filed on or before September 17, 2018. Subsequently, Plaintiffs filed an Amended Complaint on December 2, 2018 and a Second Amended Complaint on December 19, 2018 (Docs. 11 and 18). However, Defendant failed to answer or otherwise plead to either, and a Clerk's Entry of Default was docketed on March 15, 2019 (Doc. 9).

Plaintiffs make the following allegations in the Second Amended Complaint: Defendant entered into Collective Bargaining Agreements, Participation Agreements and Declarations of Trusts with local unions affiliated with the Laborers' International Union of North America ("LIUNA"). The Agreements require Defendant to pay contributions to the Plaintiff ERISA Trust Funds for covered employees. Defendant failed to pay contributions and liquidated damages from

May 1, 2011 through June 30, 2018. Plaintiffs seek $7,580.83 in contributions, liquidated damages, attorney fees, and costs.

Under the Federal Rules of Civil Procedure, a defendant must file its answer "within 21 days after being served with summons and complaint." Fed.R.Civ.P. 8(a)(1)(A)(i). A defendant who fails to do so may be found in default under Federal Rule of Civil Procedure 55(a). Default judgment establishes, as a matter of law, that a defendant is liable to the plaintiff on each cause of action alleged in the Complaint. *United States v. Di Mucci,* 879 F.2d 1488, 1497 (7th Cir. 1989). Whether to enter default judgment is within the district court's discretion. *O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir.1993).

When a defendant is found in default, all factual allegations in the Complaint are deemed admitted and not subject to challenge. *Black v. Lane,* 22 F.3d 1395, 1399 (7th Cir. 1994). However, allegations relating to the amount of damages are not deemed admitted. *Dundee Cement Co. v. Howard Pipe & Concrete Prods.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *see also* Fed.R.Civ.P. 8(b)(6). Thus, on default, the Court may conduct a hearing when it is necessary to perform an accounting, ascertain damages, "establish the truth of any allegation by evidence," or investigate any other matter. Fed.R.Civ.P. 55(b)(2)(A)–(D).

Here, consistent with the allegations in the Complaint, Plaintiffs seeks the following damages on default for the actual amount due and owing from May 1, 2011 to June 30, 2018: $6,038.72 in unpaid contributions; $603.87 in liquidated damages; $720.00 in audit costs; $156.20 in delinquent contributions; $62.04 in remittance shortages; $451.00 in litigation costs; and $1714.50 in attorney fees, for a total of $9,746.33 (Doc. 23). The Court finds the damages on default are ascertainable without the necessity of a hearing.

Accordingly, Plaintiffs' Motion is **GRANTED** and Default Judgment is entered in favor of Plaintiffs and against Defendant in the amount of **$9,746.33**. The Clerk of Court is **DIRECTED** to enter Judgment accordingly at the close of the case.

**IT IS SO ORDERED.**

**DATED:  March 18, 2020**

**STACI M. YANDLE**
**United States District Judge**